UNITED STATES DISTRICT COURT F I L E D
MIDDLE DISTRICT OF FLORIDA

2017 MAY 16 AM II: 22

_____ X

PATTI ROSS,

            Plaintiff,

Vs.

UNITED HEALTHCARE INSURANCE
COMPANY,

            Defendant.

_____ X

US DISTRICT COURT
MIDDLE DISTRICT OF FL
Case No. ORLANDO FLORIDA
6:17-CV-872-ORL-37 KRS

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and says:

### I.    JURISDICTION AND VENUE

1.    Plaintiff's claims are filed pursuant to 29 U.S.C. Section 1001, et. seq.

(ERISA). Venue and Jurisdiction are, therefore, proper pursuant to 29 U.S.C.

Section 1132.

### II.    PARTIES

2.    Plaintiff, Patti Ross, is a resident of Altamonte Springs, Florida in the County

of Seminole.

3.    Defendant The United Healthcare Insurance Company (hereinafter "United

Healthcare") is a foreign corporation and the plan administrator and insurer

for the plan at issue in this cause.

4.    Defendant United Healthcare Insurance Company is a foreign corporation

licensed to do business in the State of Florida with offices, employees and

agents located in Florida.

## II.   FACTS

5.     At all times material to this action there was in full force and affect an

        insurance Plan for health benefits constituting a binding contract of insurance

        between the parties.

6.     The United Healthcare Employee Group Benefits Income Protection Plan

        including Healthcare benefits.

7.     The purpose of the plan was to compensate Patti Ross for payment of medical

        treatment pursuant to the plan policy which is attached hereto as Exhibit A.

8.     Patti Ross was employed American Incinerators Inc. and was an eligible plan

        participant of the health benefits under plan at all times material to this action.

9.     Patti Ross was suffering from back conditions which have included three

        surgical procedures of her back in October-November of 2015.   Such

        conditions prevented the Plaintiff from functioning fully resulting in the

        aforementioned procedures.

10.    The Plan afforded payment of health bills for Network or Non-network

        treatment without a need of authorization.

11.    In accordance with the procedures established by the plan, Patti Ross notified

        the Defendant of her procedures and submitted bills to United Healthcare

        which were denied.

12.    Patti Ross filed his claim as soon as possible and followed all reasonable

        procedures established by the Defendant and has not violated any of the

        provisions of the policy that would entitle her to health benefits.

13.    United Healthcare has refused to respond to repeated appeal requests.

14.     The denial of Patti Ross's claim was a breach of the terms of the plan under

which the Plaintiff was covered and a breach of the Defendant in discharging

its fiduciary responsibilities to the Plaintiff.

### III.     COUNT I – PLAN BENEFITS

15.     Plaintiff is entitled to certain benefits of the plan consisting of payment of

70% for out of network procedures minus any deductibles.

16.     Plaintiff is entitled to the benefits identified herein because:

a.  The benefits are permitted under the plan;

b.  Plaintiff has satisfied all conditions to be eligible to receive the benefits;

c.  Plaintiff has not waived or otherwise relinquished her entitlement to the

benefits.

17.     The Defendant has refused to pay the benefits sought by Plaintiff, ignoring the

medical records, bills and policy procedures of the plan.

18.     The plan contains no exclusions or limitation that would prohibit the Plan to

make payments pursuant to the Plan for the medical bills related to the

October-November 2015 medical procedures.


### IV. RELIEF REQUESTED

19.     As a result of the acts and/or omissions of the Defendant as alleged herein, the

Defendant owes the Plaintiff unpaid medical bills, plus interest or the Plaintiff

is entitled to appropriate equitable relief as a result of the acts and/or

omissions of the Defendant.

20.     The Defendant is liable for the Plaintiff's attorney fees and the costs of the

litigation in an amount to be proven at trial.

21.     Defendant is also liable to place Plaintiff in the position she would have been

under the Plan had she not been wrongfully denied.

22.     Plaintiff hereby demand a Trial by Jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Patti Ross, prays for a judgment against the Defendant

for the relief as plead herein and for such other and further relief as this Honorable

Court deems just and proper.

                                        **Respectfully Submitted,**

Dated:  May 3, 2017                     **_/s/ Jon Lambe, Esq._**
                                        JON L. LAMBE, ESQ.
                                        Fla.Bar No.: 0637531
                                        Ferderigos & Lambe
                                        941 N. Orange Avenue
                                        Winter Park, FL 32789
                                        Tel.: 407-244-3340
                                        Fax.: 866-324-4514
                                        E-Mail: Jon@FLlawgroup.com
                                        Trial Attorney for the Plaintiff